IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| TROY BROWN :<br>:<br>:<br>v. :<br>LESTER P. WHEELER :<br>DELAWARE EXPRESS SHUTTLE :<br>and LANCER INSURANCE COMPANY : | C.A. No. 06cv-704 |

## ANSWER

Defendants, Lester P. Wheeler, Delaware Express Shuttle, Inc. and Lancer Insurance Company, by and through their attorneys, Rawle & Henderson, LLP hereby Answer the Complaint and support of same answers as follows:

1. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

2. Admitted in part. It is admitted only that Lester P. Wheeler resided at that address on the date of the accident. All other allegations are conclusions of law to which no responsive pleading is required.

3. Admitted in part . It is admitted only that Delaware Express Shuttle, Inc. is corporation organized and exiting under the the laws of the State of Delaware. All other allegations are conclusions of law to which no responsive pleading is required.

4. Admitted in part. It is admitted that Lancer Insurance Company is a copraration duly organized and existing under the laws of the State of Illinois. The balance of the allegations are conclusions of law to which no responsive pleading is required. Strict proof of same at trial will be required.

5. Denied. After reasonable investigation, defendants are unable to form a belief as

1

to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

6. Denied. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

7. Denied. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

8. Denied. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

9. Denied. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

10. Denied. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

11. Denied. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied.

## COUNT I
## TROY BROWN V. LESTER P. WHEELER

12. Answering defendant, incorporates by reference the answers to paragraphs 1-11

1390520 v.1

as if set forth fully herein.

13. (a-f) Denied. The allegations contained in this paragraph and its subparts (a-f) of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants deny any and all allegations of negligence.

WHEREFORE, defendants Lester P. Wheeler, Delaware Express Shuttle, Inc. and Lancer Insurance Company request entry of judgment in their favor and against plaintiff together with costs, counsel fees and other such relief as this court deems equitable and just.

## COUNT II
## TROY BROWN V. LESTER P. WHEELER
## DELAWARE EXPRESS SHUTTLE, INC.

14. Answering defendant, incorporates by reference the answers to paragraphs 1-13 as if set forth fully herein.

15. Admitted in part. It is admitted that at all material times hereto that Lester P. Wheeler was the employee of Delaware Express Shuttle, Inc. The balance of the allegations are conclusions of law to which no responsive pleading is required.

16. Admitted in part. It is admitted that Lester P. Wheeler was acting within the scope of his employment on the date of the accident. The balance of the allegations are conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Lester P. Wheeler, Delaware Express Shuttle, Inc. and Lancer Insurance Company request entry of judgment in their favor and against plaintiff together with costs, counsel fees and other such relief as this court deems equitable and just.

## COUNT III
## TROY BROWN V. LANCER INSURANCE COMPANY

17. Answering defendant, incorporates by reference the answers to paragraphs 1-16 as if set forth fully herein.

18. Admitted in part. It is admitted only Lancer Insurance Company insured certain motor vehicles owned by Delaware Express Shuttle, inc. under the policy number BA1558282. The balance of the allegations are conclusions of law to which no responsive pleading is required. Strict proof of same at trial will be required.

19. Denied. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required.

20.(a-f) Denied. After reasonable investigation, defendants are unable to form a belief as to the truth of the falsity of the averments contained in this paragraph and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants deny any and all allegations of negligence.

21. Denied. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Lester P. Wheeler, Delaware Express Shuttle, Inc. and Lancer Insurance Company request entry of judgment in their favor and against plaintiff together with costs, counsel fees and other such relief as this court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Service of process was improper and/or insufficient.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

1390520 v.1

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, the injuries and/or damages alleged by the plaintiff were caused solely or in part by the negligence of plaintiff, and such negligence bars or limits plaintiff's recovery pursuant to the Delaware Comparative Negligent Act.

### FOURTH AFFIRMATIVE DEFENSE

If the accident alleged in the Complaint occurred as alleged by plaintiff, which is denied, it was solely or in part by the plaintiff and/or other persons, parties or entities, whether or not parties to this action, and was no way caused by any act or omission on part of the defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to the applicable Statute of Limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants owed no duty to plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the result of an unavoidable accident or sudden emergency.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages must be reduced by the percentage of plaintiff insured's own comparative and/or contributory negligence.

### TENTH AFFIRMATIVE DEFENSE

No conduct on the part of answering defendant was caused or contributed to plaintiff's alleged injuries or damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The injuries and/or damages complained of the insured pre-existed, or were sustained subsequent to the accident which is the subject matter of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

The claims against answering defendant are barred by Delaware Law of the Assumption of the Risk Doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any releases, collateral, estoppel or *res judicata*.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are not causally related to the alleged incident.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's medical care was excessive and not reasonably related to the automobile accident.

### SIXTEENTH AFFIRMATIVE DEFENSE

All alleged claims are barred in whole or in part by the Delaware Motor Vehicle Financial Responsibility Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants breached no contract.

### EIGHTEENTH DEFENSE

Plaintiff assumed the risk of conduct for the incident out of which the Complaint has arisen.

### NINETEENTH DEFENSE

Plaintiff's claims are barred under the Doctrine of Avoidable Consequences.

## TWENTIETH DEFENSE

This Court lacks jurisdiction over these defendants by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

## TWENTY FIRST DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of this Complaint.

## TWENTY SECOND DEFENSE

.Defendants are entitled to a credit/set off for any insurance coverage applicable to the same loss.

WHEREFORE, defendants Lester P. Wheeler, Delaware Express Shuttle, Inc. and Lancer Insurance Company request entry of judgment in their favor and against plaintiff together with costs, counsel fees and other such relief as this court deems equitable and just.

Respectfully submitted,

RAWLE & HENDERSON LLP

By: _____
Delia A. Clark
Attorneys for Defendants
300 Delaware Avenue, Ste. 1015
Wilmington, DE 19801
(302) 778-1200

## CERTIFICATE OF SERVICE

      It is hereby certified that a true and correct copies of the within-captioned Answer to the Complaint was served via first-class mail, postage prepaid, on counsel for plaintiff, Albert M. Greto, 1701 Shallcross Avenue, Ste C, PO Box 756, Wilmington, DE 19899-0756.

                RAWLE & HENDERSON, LLP

                By: _____
                      Delia A. Clark
                      Attorneys for Defendant, Lancer Insurance Company
                      300 Delaware Avenue, Ste. 1015
                      Wilmington, DE 19801
                      (302) 778-1200

Dated: November 22, 2006

1390520 v.1